UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | |
|---|---|
| Case No. **ED CV 23-25-DMG (PVC)** | Date June 7, 2023 |
| Title *Deshawn Chappell v. N. McDowell, et al.* | Page 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: [IN CHAMBERS] ORDER DISMISSING ACTION WITHOUT PREJUDICE**

On August 8, 2022, Plaintiff Deshawn Chappell, who proceeds *pro se* and is incarcerated, filed this civil rights action in the Southern District of California. [Doc. # 1.] Plaintiff requested to proceed *in forma pauperis* ("IFP"). [Doc. # 3.] The case was transferred to this District and assigned to this Court on January 10, 2023. [Doc. # 6.]

On January 20, 2023, the Court screened Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A and, finding that it failed to state a claim upon which relief could be granted, dismissed the Complaint with leave to amend. [Doc. # 7.] The Court directed Plaintiff to file an amended complaint by February 20, 2023, if he wished to proceed. *Id.* at 5. The Court further warned Plaintiff that failure to comply with the Court's Order would result in dismissal of the matter without prejudice. *Id.* The Court deferred ruling on Plaintiff's IFP application. *Id.*

The Court has twice granted Plaintiff's requests for extensions of the deadline to comply with the January 20 Order. [Doc. ## 9, 11.] Most recently, the Court extended the deadline to file an amended complaint to May 29, 2023 and, again, warned Plaintiff that failure to comply with the deadline would result in dismissal without prejudice. Further, the Court advised Plaintiff that the Court would not extend the deadline to comply with the Court's January 20 Order again. [Doc. # 11.] Plaintiff has failed to comply with this deadline and has not timely filed his amended complaint.

Five factors apply when considering whether to dismiss an action for failure to prosecute or comply with a Court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). These factors all weigh in favor of dismissal here. First, Plaintiff's failure to comply with the Court's directions in the January 20 Order and to timely comply notwithstanding multiple extensions indicates that the first

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | JS-6 |
|---|---|

| Case No. | ED CV 23-25-DMG (PVC) | Date | June 7, 2023 |
|---|---|---|---|
| Title | *Deshawn Chappell v. N. McDowell, et al.* | Page | 2 of 2 |

two factors favor dismissal.  Plaintiff does not intend to or cannot litigate this action diligently or comply with the Court's instructions.  Dismissal at this stage will not prejudice the defendants as they have not been served.  It does not appear that maintaining this action will result in a disposition on the merits, in light of Plaintiff's lack of prosecution.  Finally, the Court has already attempted less drastic sanctions.

      The Court therefore **DISMISSES** this matter without prejudice for failure to prosecute and to comply with a court order.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.